IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ASHLEY ADAMS, personal representative, and Administrator Ad Litem of the Estate of TIMOTHY RAY CHOATE, deceased, <br><br>  Plaintiff, <br><br> v. <br><br> CHRISTOPHER CARR, in his personal capacity; MICHAEL BLANKENSHIP, in his personal capacity; DEVIN DAVIS, in his personal capacity; and JEFFREY SHOBE, in his personal capacity, <br><br>  Defendants. | Case No. _____ <br> Jury Demanded |

## **COMPLAINT**

COMES NOW, Plaintiff, Ashley Adams, personal representative, and Administrator Ad Litem of the Estate of Timothy Ray Choate, by and through counsel of record, and for her Complaint against Defendants, avers as follows:

### NATURE OF ACTION

1. This action arises out of the wrongful death of Plaintiff's brother, Timothy Ray Choate, who died by suicide on December 26, 2021, while incarcerated at the Bledsoe County Correctional Complex in Bledsoe County, Tennessee.

2. Plaintiff brings this action under 42 U.S.C. § 1983 for monetary damages resulting from Defendants' deliberate indifference in failing to take adequate precautions to prevent Mr. Choate's death in violation of his Eighth and Fourteenth Amendment rights

### JURSIDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28

U.S.C. § 1367(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff Ashley Adams is the sister and personal representative of decedent Timothy Ray Choate, who was 49 years-old at the time of his death.

7. Plaintiff is the duly appointed Administrator Ad Litem of the Estate of Estate of Timothy Ray Coate under Letters Testamentary issued by the Probate Court of Fentress County, Tennessee.

8. Plaintiff is the proper person to bring this wrongful death action under Tenn. Code. Ann. § 20-5-106(a) and federal law.

9. Defendant Christopher Carr is sued in his personal capacity as a correctional officer at Bledsoe County Correctional Complex. Defendant Carr is a "person" under 42 U.S.C. § 1983 and at all relevant times acted under color of state law.

10. Defendant Michael Blankenship is sued in his personal capacity as a correctional officer at Bledsoe County Correctional Complex. Defendant Blankenship is a "person" under 42 U.S.C. § 1983 and at all relevant times acted under color of state law.

11. Defendant Devin Davis is sued in his personal capacity as a correctional officer at Bledsoe County Correctional Complex. Defendant Davis is a "person" under 42 U.S.C. § 1983 and at all relevant times acted under color of state law.

12. Defendant Jeffery Shobe is sued in his personal capacity as a correctional officer at Bledsoe County Correctional Complex. Defendant Shobe is a "person" under 42 U.S.C. § 1983 and at all relevant times acted under color of state law.

## FACTS

13. On July 12, 2016, Mr. Choate was arrested and charged in Fentress County, Tennessee, for sale of controlled substances, Fentress County Case No. 16-114.

14. On July 17, 2017, Mr. Choate was arrested and charged with theft in Fentress County, Fentress County Case No. 17-13.

15. On January 30, 2017, Choate pleaded guilty to both Fentress County cases and received a cumulus sentence of 8 years to be served on supervised probation.

16. On October 2, 2021, Choate was arrested in Cumberland County, Tennessee and charged with Vandalism over $1000.00, Cumberland County Case No. 21-335.

17. Choate remained at the Cumberland County Jail until, on October 18, 2021, he was transported to Moccasin Bend Mental Health Institute.

18. While at Moccasin Bend, Mr. Choate attempted suicide by swallowing razor blades. He presented as disoriented with delusions and auditory hallucinations. He was considered a high risk for suicide/self-harm and was prescribed medication to treat a diagnosis of "Unspecified Schizophrenia Spectrum and other psychotic disorder."

19. Mr. Choate was released from Moccasin Bend on October 20, 2021.

20. On November 9, 2021, Choate pleaded guilty to the Cumberland County vandalism charges and was sentenced to a one-year sentence to run consecutive to the sentence he received in Fentress County.

21. The Cumberland County conviction violated the terms of Choate's probation in Fentress County. Probation was consequently revoked, and on November 30, 2021, Choate was transported to the Bledsoe County Correctional Complex.

22. Upon arrival at the Bledsoe County Correction Complex, Mr. Choate filled out an

Intake Health Questionnaire, indicating that he sometimes heard voices telling him to hurt himself; that he had been in a mental hospital on four occasions, with the last occasion being a month before; that he had attempted suicide on two occasions with the last attempt being a month before; and that he had attempted suicide by swallowing razor blades.

23. On or about November 29, 2021, while housed at Bledsoe County Correctional Complex, Mr. Choate was diagnosed with depression and anxiety, and prescribed Haldol and Depakote.

24. On or about December 14, 2021, Mr. Choate was found unconscious in a cell, and transported to the hospital by EMS, where he was diagnosed with injury to his head and right shoulder.

25. Choate returned to the Bledsoe County Correctional Complex on December 15, 2021.

26. Upon information and belief, Choate was housed in the medical pod and placed on suicide watch.

27. On or about December 15, 2021, Mr. Choate began refusing his medication.

28. On December 26, 2021, Mr. Choate committed suicide by hanging himself in a shower with the string from a toiletry bag provided by the facility.

29. Pursuant to applicable Post Orders, any officer assigned to the Clinic and Infirmary "must remain awake and alert at all times." Additionally, "[m]aterial other than post orders will not be read on duty unless it is job related and approved by the Shift Commander/Unit Manager.

30. Pursuant to applicable post orders: (1) Inmates placed on suicide watch will be placed in observation cells; (2) Inmates on suicide watch will be observed at all times by use of the VDC system; and (3) Behavior will be denoted in military on a CR-2004, monitoring report, at irregular intervals no more than every 15 minutes.

31. On or about December 26, 2021, Defendant Carr was assigned to monitor the medical pod where Mr. Choate was housed, and Defendant Carr was on duty at the time that Mr. Choate committed suicide.

32. After an investigation, the Tennessee Department of Corrections determined that instead of monitoring Mr. Choate, Defendant Carr was "playing around on the computer."

33. It was determined that Defendant Carr should "have noticed the inmates arm sticking straight out of the shower curtain for almost two hours."

34. Defendants Blakenship, Davis, and Shobe were also on duty in the infirmary/medical pod on December 26, 2021, and were charged with observing and/or monitoring Mr. Choate.

35. Mr. Choate was to be "observed at all times by use of the VDC system." Additionally, a log was to be kept of Mr. Choate's "behavior denoted in military on a CR-2004, monitoring report, at irregular intervals" with no more than 15-minute intervals.

36. Defendants did not monitor Mr. Choate as required under the TDOC's policies.

## CAUSES OF ACTION

### Count I
### Individual Liability under § 1983

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–36 as if set forth fully herein.

38. Defendant Carr, Defendant Blankenship, Defendant Davis, and Defendant Shobe knew that Mr. Choate was suicidal and required constant monitoring and observation.

39. Defendant Carr, Defendant Blankenship, Defendant Davis, and Defendant Shobe were deliberately indifferent to the serious medical needs of Mr. Choate and thereby failed to take reasonable and adequate precautions to prevent Mr. Choate's death in violation of Mr. Choate's rights under the Eighth and Fourteenth Amendments.

40. As a direct and proximate result of Defendants' violations of Mr. Choate's constitutional rights, Mr. Choate did not receive adequate medical attention and died as a result.

41. Plaintiff is entitled to attorneys' fees, costs, and expenses of this action under 42 U.S.C. § 1988.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. That process issue to all newly named Defendants and that all Defendants be made to answer this Complaint within the time allotted by the Federal Rules of Civil Procedure.

2. An award of all damages available under state and federal law in an amount to be determined by the jury;

3. An award of all prejudgment and post-judgment interest;

5. An award of reasonable attorney's fees and costs.

6. Such other legal and equitable relief to which Plaintiff may be entitled; and

7. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

/s/Richard E. Collins
_____
Dan Channing Stanley (TN Bar No. 021002)
Richard E. Collins (TN Bar No. 024368)
STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-Mail: dan@knoxvilleattorney.com
E-mail: richard@knoxvilleattorney.com

Ursula Bailey (TN Bar No. 020616)
LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-mail: ubailey65@gmail.com

**Counsel for Plaintiff**